BYRON DE WOLF AND OTHERS, PLAINTIFFS, *v.* HENRY DAY, DEFENDANT.

*Fees—right of a juror to an extra compensation when a trial occupies more than thirty days— Code of Civil Procedure, sec. 3315.*

To entitle a juror to an extra compensation, under section 3315 of the Code of Civil Procedure, upon the ground that the trial has occupied more than thirty days, it must appear that more than that number of days have been actually occupied in the trial of the cause, not including days on which the cause was not heard, such as Sundays, Saturdays or during adjournments.

APPEAL from an order granted by Judge BARTLETT, denying a motion for extra compensation made by the jury who tried this case, under section 3315 of the Code of Civil Procedure.

The motion was made upon the affidavit of James K. Frothingham, of the city of Brooklyn, the foreman of the jury impanneled to . try the action, which stated, among other things, that " the trial of said action commenced at the April circuit of this court. Deponent with his fellow jurymen were summoned on the 6th day of April, 1885, and served from said day until the 9th day of May, 1885. The trial of the above entitled action lasted from the morning of April eighth until the ninth of May, during all of which time deponent and the other members of the panel were held by and subject to the orders of the court, and during this period, with the exception of Sundays and Saturdays and a short intermission occasioned by the death of Judge TRACY's sister, we were in constant attendance upon the trial of this case. We were forced to attend as above stated without any preliminary notice and to the great detriment of our private business. The *per diem* allowed by law was in no sense compensation for the loss of time and injury to our business occasioned by said forced attention to this cause for five calender weeks. The trial of the above entitled action lasted more than thirty days. For a day and a-half, including an entire night, said jury were confined to their room deliberating upon their verdict."

*Frederick A. Ward,* for the jury, appellant.

*William G. Cooke,* for the respondent.

Pratt, J. :

We do not think a fair construction of section 3315 of the Code of Civil Procedure will warrant an extra compensation to the jurors who served in this case. The trial lasted for more than thirty consecutive days, but deducting Sundays and Saturdays and a short adjournment to accommodate counsel, the jury did not sit for quite thirty days. The authority to give extra compensation is derived wholly from the section above referred to, and that reads "when the trial *occupies* more than thirty days." It follows that when the trial *occupies* less than thirty days there is no power to award such extra compensation.

The whole question turns upon the intent of the legislature in using the word *occupies*. The fact that the legislature used the word "occupies" instead of "protracted," as used in the former statute, furnishes a strong argument that it intended to change the former statute in that regard. It is too plain for argument that in using the word "occupies" it was meant to be the equivalent of actually engaged in. It is not a question of computing time, but a question of fact, whether thirty days are actually occupied in the trial, including, of course, the time in which the jury are deliberating upon their verdict. Any other construction would allow extra compensation in any case where by adjournment the trial is protracted beyond the period of thirty days. It seems more reasonable to believe that the legislature fixed the limit of thirty days as the period beyond which a juror is entitled to compensation.

Order affirmed, without costs.

Barnard, P. J., concurred; Dykman, J., dissenting.

Order affirmed, without costs.